# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

September 12, 2014

**VIA ECF**

Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    *Michael Picarella v. HSBC Securities (USA) Inc.*, No. 14 Civ. 4463

Dear Judge Carter:

We write on behalf of Defendant HSBC Securities (USA) Inc. ("HSBC") in connection with the above-referenced matter. Pursuant to Rule 2(A) of Your Honor's Individual Practices, we respectfully request a pre-motion conference with the Court regarding a motion to dismiss that HSBC intends to file in this matter. Mr. Picarella's complaint, originally filed on June 20, 2014 and amended on August 27, 2014 (the "Complaint"), alleges unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107(7) & (19); and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. The bases for HSBC's anticipated 12(b)(6) motion are summarized below.

1. Preliminary Remarks

The Plaintiff is Michael Picarella, a current HSBC employee. Mr. Picarella is a Senior Vice President, a title he has held since he was hired in 2011. His compensation has remained at the same level during his tenure at HSBC as well. Mr. Picarella claims, among other things, that he was denied a promotion in retaliation for claimed protected activity. Although that claim is factually incorrect, more relevant for purposes of this motion to dismiss is that his federal claim is indisputably time-barred. Mr. Picarella otherwise has experienced no setbacks at HSBC that constitute "adverse employment action," or that remotely warrant making a federal case out of his current, gainful employment.

Mr. Picarella alleges that he reported the inappropriate behavior of his former supervisor over two years ago. Upon learning of the alleged conduct, Mr. Picarella acknowledges that HSBC investigated the alleged behavior and took prompt action—his former supervisor was removed from her position and no longer works at HSBC. Further, since his initial reports, Mr. Picarella has been managed by several different individuals who were uninvolved in the allegations and investigations and who Mr. Picarella does not allege had any motive to retaliate against him. And yet despite this—even though HSBC systematically investigated his allegations, took firm action toward the former supervisor who is no longer with HSBC, and changed Mr. Picarella's reporting lines since the summer of 2012—he claims to have been the

BOIES, SCHILLER & FLEXNER LLP

victim of retaliation that supposedly continues to this day, more than two years after the former supervisor left her position. The facts as laid out in the Complaint demonstrate otherwise.

As explained in further detail below, Mr. Picarella's allegations of employment retaliation are implausible—dismissably so, under *Twombly*. The Complaint should be dismissed in full.

2. <u>Mr. Picarella's retaliation claim under Title VII is time-barred to the extent it is based on conduct that occurred prior to August 31, 2012.</u>

A plaintiff that brings a cause of action under Title VII must file a timely charge with the EEOC within 300 days of the alleged adverse employment actions. 42 U.S.C. § 2000e-5(e)(1); *see Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) ("This statutory requirement is analogous to a statute of limitations.").

Mr. Picarella filed his EEOC charge on June 27, 2013. Any allegedly adverse employment action that occurred more than 300 days prior to that date—that is, before August 31, 2012—is time-barred. Based on two emails written by Mr. Picarella and which are directly referred to, quoted from, and relied on in his Complaint, Mr. Picarella was aware that he would not be promoted—and, he claims, allegedly demoted—on July 24, 2012.[1] Specifically, these emails state that Mr. Picarella was told on July 24, 2012 that he would no longer be reporting to his former supervisor, but would be "reporting to a new manager that has already been selected." Mr. Picarella admittedly "was able to conclude" who his new manager would be. Mr. Picarella's failure to promote and demotion claims as alleged in the Complaint are therefore time-barred. *See, e.g., Van Zant,* 80 F.3d at 712-13 ("The timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action."). Mr. Picarella further concedes that the decision to exclude him from a purported "inner circle" was made on April 23, 2012. Thus, Plaintiff's Title VII claims, including his failure to promote claim, his demotion, and his alleged exclusion from April 2012 meetings, are time-barred and must be dismissed.

3. <u>Mr. Picarella fails to plead a Title VII adverse employment action.</u>

None of Mr. Picarella's other allegations state a claim under the anti-retaliation provision of Title VII. To establish an "adverse employment action," as is required to sustain a retaliation claim, a complaint must plead an action "that a reasonable employee would have found … materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). More is required than "those petty slights or minor annoyances that often take place at work and that all employees experience." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (quoting *Burlington*, 548 U.S. at 68).[2] Mr. Picarella fails to allege that he ever

---

[1] Because the Complaint quotes from and relies on these two emails, *see* Compl. ¶¶ 54-55, 71-73, they are "integral" to the Complaint and can be considered on a motion to dismiss. *See Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995). In addition, they contradict Mr. Picarella's recitation of the facts in the Complaint. *See Accurate Grading Quality Assurance, Inc. v. Thorpe*, No. 12 Civ. 1343, 2013 WL 1234836, at *6 (S.D.N.Y. Mar. 26, 2013) (Carter, J.).

[2] This requirement imposes an "objective" standard of what constitutes a "materially adverse change." *See Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011).

BOIES, SCHILLER & FLEXNER LLP

faced any *significant* harm. *See Burlington*, 548 U.S. at 68 (the Supreme Court "speak[s] of *material* adversity because [it] believe[s] it is important to separate significant from trivial harms").

Mr. Picarella's post-August 31, 2012 allegations are limited to a change of responsibilities, a poor performance review, a handful of alleged disparaging comments, the temporary removal of his name from an organizational chart, and the monitoring of his computer—which he does not allege was inconsistent with internal policies. Mr. Picarella fails to allege that these actions, individually or collectively, "produce[d] an injury or harm." *See Burlington*, 548 U.S. at 67. The Complaint does not allege *any* negative change in Mr. Picarella's title, base salary, bonus compensation, or other significant harm. In fact, Mr. Picarella does not allege that his compensation ever diverged from that of his peers following his repeated complaints. To the contrary, Mr. Picarella admits that he was given additional responsibility in June 2012, several months after he first voiced concerns to HSBC human resources, and that he remains a Senior Vice President at HSBC's headquarters.

4. The Complaint fails to allege a causal connection between the alleged protected activity and each one of the alleged adverse employment actions.

Causation may be established either "*directly* through evidence of retaliatory animus directed against a plaintiff by the defendant" or "*indirectly* by showing that the protected activity was followed closely" by the retaliation. *DeCintio v. Westchester Cnty. Med. Ctr.*, 821 F.2d 111, 115 (2d Cir. 1987); *see Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001). The Complaint fails to allege facts indicating that any of these actions involved retaliatory animus, or that the individuals involved were even aware of Mr. Picarella's alleged protected activity. Moreover, the temporal proximity between most of these actions and the latest alleged protected activity is too attenuated to support an indirect causal connection.

5. Mr. Picarella's state and city law claims should also be dismissed.

Courts in the Second Circuit analyze claims brought under Title VII and the NYSHRL under identical standards, and dismissal is also appropriate under the standard applied to NYCHRL retaliation claims.[3] Regardless, should the Court dismiss Mr. Picarella's Title VII claim, it should also decline to exercise supplemental jurisdiction over his causes of action under state and city law. At this early stage in the proceedings, prior to any discovery, dismissing the non-federal causes of action would not prejudice Mr. Picarella's ability to pursue such claims in another forum.

---

[3] The statute of limitations under NYSHRL and NYCHRL is three years, as opposed to the 300 days applicable to Mr. Picarella's federal claims.

3

BOIES, SCHILLER & FLEXNER LLP

For the foregoing reasons, HSBC intends to move to dismiss the Complaint with prejudice.

Respectfully submitted,

*Damien Marshall /CO*

Damien Marshall

cc: James R. Hubbard (by email)
Marc A. Susswein (by email)