UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MICHAEL PICARELLA,

                     Plaintiff,

   -against-

HSBC SECURITIES (USA), INC.,

                    Defendant.

------------------------------------------------------------x

14-CV-4463 (ALC) (AJP)

## PLAINTIFF'S REQUESTS TO CHARGE AND PROPOSED VERDICT FORM

      Plaintiff Michael Picarella ("Picarella"), submits the following Requests to Charge and Proposed Verdict Form for use at the trial of this action. Plaintiff respectfully reserves his right to add to or modify these requested charges and proposed verdict form, with the Court's permission, if required by subsequent Court rulings or evidence presented at trial.

Dated: New York, New York
       November 4, 2016

                           LIDDLE & ROBINSON, L.L.P.

                           By:  /s/ James R. Hubbard

                                James R. Hubbard
                                Blaine H. Bortnick
                                Christine A. Palmieri
                         800 Third Avenue
                         New York, New York 10022
                         Telephone: (212) 687-8500
                         Facsimile:  (212) 687-1500
                         jhubbard@liddlerobinson.com
                         bbortnick@liddlerobinson.com
                         cpalmieri@liddlerobinson.com

                              *Attorneys for Plaintiff Michael Picarella*

A.    **GENERAL INSTRUCTIONS**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1:**

**Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible. It has been obvious to me and counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give that same careful attention as I instruct you on the law.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-1 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 2:

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

_____

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-2 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 3:

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions about a fact issue – evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Plaintiff has proved his case, or Defendant its defenses.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

--------

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-3 (2016) (modified).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 4:

### Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-4 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 5:

### Jury to Disregard Court's View

From time to time the Court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, insofar as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the Court and outside the province of the jury. In admitting evidence to which objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the Court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the Court and counsel held out of your hearing or sight.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-5 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 6:

### Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

––––––––––––––––––––––––

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-6 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 7:

### Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-10 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 8:

### Corporate Parties

In this case, Defendant is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 72-1 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9:

### Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of that claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish such claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties— that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 73-2 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 10:

### What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 74-1 (2016) (modified).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 11:

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something they know by virtue of their own senses – something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply

requires that your verdict must be based on a preponderance of all the evidence presented.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 74-2 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 12:

### Stipulation of Facts

A stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts as true.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 74-4 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 13:

### Summaries and Charts Admitted as Evidence

The parties have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

<hr>

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 74-11 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 14:

### Depositions

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

———————————————

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 74-14 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 15:

### Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the Plaintiff or Defendant must sustain his or its burden of proof as I have explained to you with respect to each element of the complaint or affirmative defense. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against him. Similarly, if you find that Defendant has failed to sustain its burden with respect to any element of its Affirmative Defense, you must return a verdict against Defendant on that defense or claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 78-3 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 16:

### Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 78-5 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 17:

### General Verdict Form

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of Plaintiff's claims against Defendant. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 78-7 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 18:

### Special Verdict

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 78-9 (2016).

**B.**     **SUBSTANTIVE INSTRUCTIONS**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19:**

**Statutory Provisions**

I will now turn to the law specifically applicable to Plaintiff's claims in this case. Plaintiff's Complaint asserts that he was unlawfully retaliated against by Defendant, in violation of three statutes – Title VII of the United States Code, the New York State Human Rights Law, and the New York City Human Rights Law. Defendant denies that it retaliated in any way against Plaintiff and asserts that the employment actions it took with respect to Plaintiff, including terminating him, were because of poor performance.

Under the relevant provisions of these statutes I just listed, it is unlawful for an employer to intentionally discharge or otherwise retaliate against an individual because he or she has opposed any employment practice made unlawful under those statutes. Mr. Picarella contends that HSBC unlawfully retaliated against him during the period 2012-2015 by taking a series of adverse employment actions against him, including ultimately terminating his employment because he complained that a female co-worker had been sexually harassed by HSBC executives, and complained further about the retaliation he faced.

---

Authority: 42 U.S.C. § 2000e-3(a); N.Y. Exec. Law § 296(1); N.Y.C. Admin. Code § 8-107.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20:**

**Elements of Plaintiff's Claims**

In order to prove his claims for retaliation in violation of Title VII, the New York State Human Rights Law, and the New York City Human Rights Law, Plaintiff must prove the following elements under each statute by a preponderance of the evidence:

(1) That he engaged in "protected activity" by complaining about or opposing discriminatory or retaliatory conduct made unlawful under these laws;

(2) That HSBC knew of that protected activity;

(3) That HSBC took an adverse employment action or actions against him; and

(4) That HSBC took such adverse action because of his protected activity – because he complained about or opposed discrimination, establishing a causal connection between his complaints, or protected activity, and the retaliation he experienced.

---

Authority: Title VII Elements: *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14-15 (2d Cir. 2013) ("To make out a *prima facie* case of retaliation, a plaintiff must demonstrate that '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'") (quoting *Lore v. City of Syracuse,* 670 F.3d 127, 157 (2d Cir. 2012)).

NYSHRL Elements: *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011).

NYCHRL Elements: *Brightman v. Prison Health Serv., Inc.*, 970 N.Y.S.2d 789, 792 (2d Dep't 2013).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 21:

### Protected Activity

An employee's complaint may qualify as protected activity, satisfying the first element of this test, "so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Gregory v. Daly*, 243 F.3d 687, 701 (2d Cir. 2001) (quotation marks omitted). And not just any law – Plaintiff is "required to have had a good faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII." *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001); *id.* (vacating summary judgment where Plaintiff's "belief that [Defendant's] alleged sexual harassment violated Title VII was reasonable"). "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998).

Plaintiff does not have to prove that the conduct he complained of actually violated anti-discrimination laws, and thus whether or not Mr. Picarella's female co-worker was actually sexually harassed is not a question for you to determine. The law requires only that he had a reasonable basis for believing that the HSBC conduct he complained of constituted unlawful sexual harassment or retaliation. In other words, Plaintiff need not prove that HSBC employees sexually harassed his co-worker, or retaliated against him, but only that he was acting under a good faith belief, when he complained about HSBC's conduct, that his co-worker's rights under Title VII or the New York State or City Human Rights Laws had been violated. *Gregory*, 243 F.3d at 701.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-1 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 22:

### Adverse Employment Actions

Under each law, an employment action is considered "adverse" if it could "dissuade a reasonable worker from making or supporting a charge of discrimination." *Faul v. Potter*, 355 Fed. Appx. 527, 529 (2d Cir. 2009); *Ballard v. Children's Aid Soc'y*, 781 F. Supp. 2d 198, 207 (S.D.N.Y 2011) (applying same standard to NYSHRL claims).

The parties agree that HSBC's termination of Mr. Picarella's employment was an adverse employment action, and I thus instruct you that you must find that Plaintiff's termination was an adverse action under these laws.

---

Authority: 4 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 71-1 (2016); The NYCHRL "specifically rejects a materiality requirement." *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 81 (1st Dep't 2009).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 23:

### Causation Under Plaintiff's Retaliation Claim

As I indicated, the fourth element Plaintiff must prove to establish his retaliation claim is that HSBC took the adverse actions alleged, including terminating him, because of his protected activity – because he complained about or opposed sexual harassment of a female co-worker. If it did, this establishes a causal connection between Plaintiff's complaints or protected activity and the retaliation he alleges he experienced.

Thus, in order to prove his retaliation claim, Plaintiff has the burden of proving by a preponderance of the evidence that his protected activity – his complaints that his female co-worker had been sexually harassed by HSBC executives, or that he was retaliated against – was a cause of the adverse employment actions he alleges, including the decision to terminate his employment.

The proof required to establish the causation element of Plaintiff's retaliation claim under the NYCHRL is different from the proof required under the NYSHRL and Title VII.

Title VII and the NYSHRL use a "but for" test for causation. This means that for Plaintiff to establish the causal connection element of his claims under these statutes, he must prove by a preponderance of the evidence that he would not have suffered any of the adverse actions he experienced had he not complained about the sexual harassment of his co-worker or about the retaliation he experienced.

Under the NYCHRL, however, Plaintiff is not required to satisfy the "but for" test. Instead, he can establish the causation element of his retaliation claim if he proves only that his protected activity – his complaints of unlawful conduct by HSBC – was a motivating factor for the adverse actions alleged. His protected activity was a motivating factor for HSBC's adverse actions if HSBC was motivated at least in part by his complaints.

To establish that his protected activity was a motivating factor for the adverse actions alleged, Plaintiff is not required to prove that his protected activity was the sole motivation or even the primary motivation for HSBC's adverse actions, including its decision to terminate his employment. Plaintiff need only prove that HSBC was motivated at least in part by an impermissible retaliatory motive arising from his sexual harassment and retaliation complaints.

---

Authority: 5 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 88-46 (2016); *id.* at Instr. 88-50 (motivated in part); *Calhoun v. Cnty. of Herkimer*, 980 N.Y.S.2d 664, 667-68 (4th Dep't 2014) ("motivated at least in part by an impermissible motive"); *Brightman v. Prison Health Serv., Inc.*, 970 N.Y.S.2d 789, 792 (2d Dep't 2013); *Taylor v. Seamen's Soc'y For Children*, No. 12 Civ. 3713 (PAE), 2013 WL 6633166, at *23 (S.D.N.Y. Dec. 17, 2013); *Weber v. City of New York*, 973 F. Supp. 2d 227, 266 n. 22 (E.D.N.Y 2013); *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 456 (E.D.N.Y. 2013).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 24:

### Damages

If you determine that HSBC retaliated against Mr. Picarella as alleged, then you must proceed to determine the amount of damages that HSBC's actions have caused him. There are four categories of damages for you to consider: back pay, front pay, compensatory damages, and punitive damages. I will now describe each of these elements of damages to you. Plaintiff has the burden of proving damages by a preponderance of the evidence.

---

Authority: 3C O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 171.91 (modified).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 25:

### Back Pay Damages

On this element, you should award actual damages in an amount that reasonably compensates Plaintiff for any compensation and benefits lost as a result of the retaliation alleged through the date of your verdict – from the date of injury to the date of your verdict – had he remained in HSBC's employ.

In awarding back pay, you are instructed to deduct from any back pay award any compensation Plaintiff has obtained from other employment during this period.

---

Authority: 3C O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 171.91 (modified); *New York State Office of Mental Health v. New York State Div. of Human Rights*, 53 A.D.3d 887 (3d Dep't 2008) (back pay under NYSHRL); *Najnin v. Dollar Mountain, Inc.*, No. 14cv5758, 2015 WL 6125436, at *2 (S.D.N.Y Sept. 25, 2015) (NYCHRL remedies include back pay).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 26:

### Front Pay Damages

Plaintiff is also entitled to an award of prospective damages, sometimes called front pay. You should therefore also calculate separately, as future damages, a monetary amount equal to the value of the wages and benefits that Plaintiff would have earned from the date of your verdict until the date he would have voluntarily resigned or obtained comparable employment.

In awarding front pay damages, you must reduce any award to its present value by considering the interest Plaintiff could earn on the amount of the award if Plaintiff made a relatively risk-free investment. Thus, you should adjust the amount of any award of future loss of earnings by the amount of interest Plaintiff can earn on that amount in the future, which reduces the amount of the award to its present money value.

---

Authority: 3C O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 171.92 (modified); 5 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 88-41 (2016).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 27:

### Compensatory Damages

You may also award Plaintiff compensatory damages you determined were suffered by him as a result of the retaliation he alleges. Such damages may be awarded for pain, suffering or mental anguish, or humiliation that you find Plaintiff experienced as a consequence of retaliation. The damages you award must be fair compensation – no more, no less. There is no exact standard for fixing the compensation to be awarded for these elements of damages.

In determining the amount of any damages you decide to award, you should be guided by common sense. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require Plaintiff to prove the amount of compensatory damages with mathematical precision.

---

Authority: 3C O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 171.90 (modified); *United States v. Vulcan Soc'y, Inc.*, 897 F. Supp. 2d 30, 41 (E.D.N.Y. 2012) ("Both the NYSHRL and the NYCHRL permit awards of compensatory damages to victims of discrimination.").

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 28:

### Damages from Reputational Harm

You may also award Plaintiff compensatory damages for lost future earning capacity based on reputational harm. You may award such compensatory damages if you determine that unlawful retaliation caused Plaintiff to suffer reputational harm in the form of injury to his professional standing, character, or reputation, which in turn resulted in a narrowing of his economic opportunities, including his earning capacity. Such damages are appropriate because where such harm exists, the victim cannot be made whole without compensation for the future earnings they would have received absent the retaliation suffered, and thus for a lifetime of diminished earnings resulting from reputational harm.

---

Authority: *United States v. Vulcan Soc'y, Inc.*, 897 F. Supp. 2d 30, 42, 48-49 (E.D.N.Y. 2012) (loss of future earnings due to reputational harm is an appropriate form of damages under Title VII; NYSHRL and NYCHRL should be interpreted similarly to federal law on damages); *accord Sanders v. Madison Square Garden, L.P.*, No. 06 Civ. 589 (GEL), 2007 WL 2254698, at *14-15 (S.D.N.Y. Aug. 6, 2007), *opinion withdrawn in non-relevant part for reconsideration*, 525 F. Supp. 2d 364 (S.D.N.Y. 2007); *Osorio v. Source Enters., Inc.*, No. 05 Civ. 10029 (JSR), 2007 WL 683985, at *1-2, 5 (S.D.N.Y. Mar. 2, 2007).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 29:

### Mitigation of Damages

In considering any damages you may award to Plaintiff, you must remember that Plaintiff is obligated to take reasonable steps to mitigate or diminish the damages suffered.

It is, however, Defendant's burden to prove, by a preponderance of the evidence, that Plaintiff failed to take reasonable steps to diminish the extent of the injuries suffered. If Defendant proves this, you should reduce your award by the amount of damages that would have been avoided if Plaintiff had taken reasonable steps to mitigate the consequences of the harm.

---

Authority: 5 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 87-22 (2016); *Clarke v. Frank*, 960 F.2d 1146, 1152 (2d Cir. 1992).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 30:

### Punitive Damages

If you return a verdict for Plaintiff and you award Plaintiff damages, then you may also make a separate and additional award of what are called "punitive damages" if the evidence supports them. To make such a judgment it is important to understand the reasons for awarding punitive damages: to punish Defendant for malicious conduct against Plaintiff or for callous disregard of Plaintiff's rights and to deter such future conduct by Defendant or others like it. Thus, you should consider whether an award of punitive damages will accomplish these dual purposes of punishment and deterrence. In determining the amount of punitive damages, you may also consider the financial circumstances of Defendant.

---

Authority: 5 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Civil*, Instr. 87-23 (2016);

Note: A copy of the complete punitive damages instruction given to the jury by former SDNY District Judge Shira Scheindlin in *Zubulake v. UBS Warburg LLC*, 02 Civ. 1243, is attached as Exhibit A (Transcript at 1816:13-1818:3) to these instructions as a reference.

## PLAINTIFF'S PROPOSED VERDICT FORM

Do you find by a preponderance of the evidence:

1. That Mr. Picarella proved that he engaged in protected activity when he complained to HSBC about the sexual harassment of his female co-worker, or about retaliation?

   Yes _____          No _____

**If you answered "yes" to Question 1 please answer Question 2.**

**If you answered "no" to Question 1 you have completed this form.**

Do you find by a preponderance of the evidence:

2. That Mr. Picarella proved that HSBC retaliated against him?

   | | | |
   |---|---|---|
   | Under Title VII or the NYSHRL: | Yes _____ | No _____ |
   | Under the NYCHRL: | Yes _____ | No _____ |

**If you answered "yes" to either part of Question 2, please answer Questions 3 and 4.**

**If you answered "no" to both parts of Question 2, you have completed this form.**

3. What amount do you award Mr. Picarella for the elements of damages listed below?

   Back pay: _____

   Front pay: _____

   Compensatory damages: _____

4. Do you find that the retaliatory conduct of HSBC was malicious or recklessly indifferent to Mr. Picarella's rights?

   Yes _____          No _____

**If you answered "yes" to Question 4, proceed to Question 5.  If you answered "no" to Question 4, you have completed this form.**

5. We assess punitive damages against HSBC in the following amount:

   _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2016, I electronically filed the foregoing Plaintiff's Requests to Charge and Proposed Verdict Form with the Clerk of the Court using the CM/ECF system that will automatically send email notification of such filing to all counsel of record.

/s Asa F. Smith