GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

November 29, 2016

VIA ECF

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

Re:     Michael Picarella v. HSBC Securities (USA) Inc., No. 14-CV-4463 (ALC) (AJP)

Dear Judge Carter:

We represent Defendant HSBC Securities (USA) Inc. ("HSBC") in the above-captioned matter. Pursuant to Rule 2(A) of this Court's Individual Practices, HSBC respectfully requests a conference on its motion for sanctions and an adverse inference against Plaintiff Michael Picarella ("Picarella") for spoliation of relevant evidence and misconduct in discovery.

**Introduction**

Picarella filed suit in this proceeding alleging retaliation by HSBC, including the termination of his employment, in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Picarella seeks, among other forms of relief, compensation in the form of back pay and front pay damages for harms that he claims resulted from the alleged retaliation.

In order to be eligible for damages, Picarella must mitigate any damages that he allegedly suffered by seeking and preserving post-termination employment. *See Ford Motor Co. v. EEOC,* 458 U.S. 219, 231-32 (1982); *Najnin v. Dollar Mountain, Inc.*, 2015 WL 6125436, at *2 (S.D.N.Y. Sept. 25, 2012). Picarella produced documents related to his mitigation efforts on October 25, 2016, and HSBC deposed Picarella on November 2, 2016 regarding these efforts. In deposition, Picarella revealed that he failed to preserve evidence relating to his efforts to find a new job, including handwritten notes. This constitutes spoliation.

Picarella's destruction of relevant evidence is not his only failure to fulfill his discovery obligations in this proceeding. Picarella intends to call Kenneth Rathjen, a former coworker of his at HSBC, to testify about Plaintiff's job performance and about the financial services industry. However, Plaintiff has failed to preserve his correspondence with Mr. Rathjen.

Picarella and Mr. Rathjen have maintained contact since they both left HSBC in 2015. *See* Rathjen Dep. 124:7-9 ("Q. How often would you say you speak to Mr. Picarella? A. Once a month, twice a month"); Rathjen Dep. 110:18-19 ("Have I texted with him? I'm sure I have."). Yet Picarella failed to preserve these text exchanges and, in fact, represented that such text messages did not exist. Picarella also failed to preserve emails with Mr. Rathjen, an omission that came to light when

GIBSON DUNN

The Honorable Andrew L. Carter, Jr.
November 29, 2016
Page 2

Mr. Rathjen produced emails with Picarella that Picarella himself did not preserve. Picarella's failure to preserve his communications with a former coworker he now seeks to call as a witness constitutes spoliation.

**Argument**

A court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs. *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 135-36 (2d Cir. 1998). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The determination of the appropriate sanction for spoliation is "confined to the sound discretion of the trial judge" and "should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Richard Green (Fine Paintings) v. McClendon,* 262 F.R.D. 284, 288-89 (S.D.N.Y. 2009).

1. **<u>Picarella Failed to Preserve Documents Related to His Job Search.</u>** Picarella plainly bore a duty to preserve all documents related to his job search, including any handwritten notes. Parties to litigation "must not destroy unique, relevant evidence that might be useful to an adversary." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). This duty "arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). Notably, this duty does not apply just to relevant documents in existence at the time the duty arose, but also "any relevant documents created thereafter." *Zubulake*, 220 F.R.D. at 218. The documents in question were all created after Picarella filed this lawsuit; he therefore cannot argue that he had no duty to preserve them.

The notes are unique evidence of Picarella's efforts to find employment following his termination by HSBC and are relevant to whether Picarella mitigated his damages. While Picarella may claim that the information contained in the handwritten notes is also reflected in the "mitigation log" that he produced to HSBC, which he admits may be incomplete, this does not excuse his failure to preserve documents that are indisputably relevant to his job search efforts. *See Greene v. Netsmart Techs., Inc.*, 2011 WL 2225004, at *8 (E.D.N.Y. Feb. 28, 2011) (imposing sanctions despite plaintiff's claim that "when he destroyed certain handwritten notes or audio recordings it was only after the information contained therein had been transferred to another source"). The facts also call into question whether there are other documents related to Mr. Picarella's job search that he failed to preserve despite a clear duty to do so.[1]

---

[1] In deposition, Picarella admitted that (1) he did not search for responsive documents in the trash folder of his personal email account; (2) did not search the family computer, on which he admitted he saved copies of his resume, for responsive documents; and (3) he may have failed to produce relevant emails with head hunters relating to his job search. When HSBC requested that Picarella cure these deficiencies, Picarella not only refused, but informed HSBC that the contents of his trash folder are deleted on a weekly basis. To the extent the trash folder contained relevant evidence, that evidence has been destroyed.

**GIBSON DUNN**

The Honorable Andrew L. Carter, Jr.
November 29, 2016
Page 3

Picarella offered no explanation for his destruction of the handwritten notes. He either knew or should have known that his handwritten notes were relevant evidence, and his destruction of that evidence without explanation strongly suggests an intent to deprive HSBC of that evidence. *Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 107 (E.D.N.Y. 2002). At minimum, Picarella's destruction of his handwritten notes was negligent. *See Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 49 (S.D.N.Y. 2014) ("[O]nce the duty to preserve attaches, any destruction of relevant evidence is, at a minimum, negligent."); *Curcio v. Roosevelt Union Free Sch. Dist.*, 283 F.R.D. 102, 112 (E.D.N.Y. 2012) (finding party negligently, and possibly knowingly, destroyed notebooks where party either provided no explanation for failure to produce notebooks or admitted to throwing away notebooks). The negligent destruction of evidence is still sanctionable conduct. *Curcio*, 283 F.R.D. at 114 (imposing sanctions based on negligent conduct); *Richard Green (Fine Paintings)*, 262 F.R.D. at 291-92 (collecting cases).

Since the destroyed documents concern Plaintiff's job search efforts, "a reasonable trier of fact" could find that the missing evidence would have been favorable to HSBC's defense that Picarella was not making reasonable efforts to find new employment. *Great N. Ins. Co. v. Power Cooling, Inc.*, 2007 WL 2687666, at *10-12 (E.D.N.Y. Sept. 10, 2007). Without a complete and accurate record of Picarella's mitigation efforts, including, for example, the number of individuals he spoke with, which industries those individuals represent, the frequency of his communications, and whether the frequency of his communication changed over time, HSBC will not be able to litigate effectively its defense that Picarella failed to mitigate his damages. This prejudice is a direct result of Picarella's intentional destruction of relevant evidence, and can only be cured through sanctions.

2.  **_Picarella Failed to Preserve Relevant Communications With Kenneth Rathjen_**.  Picarella also bore a duty to preserve his relevant communications with Mr. Rathjen, a former coworker at HSBC whom he intends to call as a witness. HSBC was first alerted to the deficiencies in Picarella's retention of communications with Mr. Rathjen when Picarella's response to HSBC's Fourth Request for Production of Documents omitted documents produced independently by Mr. Rathjen. Picarella's failure to preserve these communications with Mr. Rathjen—a witness who he affirmatively is putting forward as an individual with information relevant to his claims—reflects a clear dereliction of his document preservation obligations.

**Conclusion**

HSBC respectfully requests that the Court issue an Order sanctioning Picarella for spoliation of relevant documents. An adverse inference instruction informing the jury that Picarella failed to mitigate his damages is warranted for the reasons discussed above and in light of Picarella's repeated failure to preserve relevant evidence throughout this litigation. *See PSG Poker, LLC v. DeRosa-Grund*, 2008 WL 190055, at *12 (S.D.N.Y. Jan. 22, 2008) (granting adverse inference). As an alternative to an adverse inference instruction, HSBC respectfully requests that the jury be instructed that Picarella failed to preserve evidence relevant to his duty to mitigate damages. Further, the preclusion of Mr. Rathjen's testimony is warranted as a result of Picarella's failure to preserve his communications with Mr. Rathjen. *See West*, 167 F.3d at 780 (endorsing use of alternative sanctions to dismissal such as exclusion of testimony related to spoliated materials).

**GIBSON DUNN**

The Honorable Andrew L. Carter, Jr.
November 29, 2016
Page 4

                                          Respectfully submitted,

                                          /s/ Gabrielle Levin